IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO FARM & LIVESTOCK
BUREAU; NEW MEXICO CATTLE
GROWERS' ASSOCIATION; and NEW
MEXICO FEDERAL LANDS COUNCIL,

      Plaintiffs,

vs.                                                      Civ. No. 15-428 KG/CG

UNITED STATES DEPARTMENT OF THE
INTERIOR; SALLY JEWEL, in her official
Capacity as Secretary of the United States
Department of the Interior; UNITED STATES
FISH AND WILDLIFE SERVICE; and DANIEL M.
ASHE, in his official capacity as Director of the
United States Fish and Wildlife Service,

      Defendants,

CENTER FOR BIOLOGICAL DIVERSITY
and DEFENDERS OF WILDLIFE,

      Defendant-Intervenors.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court upon the Motion to Intervene and supporting

memorandum (collectively, Motion to Intervene) filed by prospective Plaintiff-Intervenors the

Arizona and New Mexico Coalition of Counties for Stable Economic Growth, the Pima Natural

Resource Conservation District, and the Southern Arizona Cattlemen's Protective Association

(collectively, Movants) on December 30, 2015.  (Docs. 34 and 35).  Movants seek intervention

as a matter of right under Fed. R. Civ. P. 24(a)(2) and, alternatively, permissive intervention

under Fed. R. Civ. P. 24(b)(1)(B).  On January 13, 2016, Defendant-Intervenors filed a response

in which they argue that the Motion to Intervene is untimely and fails on the merits.  (Doc. 40).

Plaintiffs do not oppose the Motion to Intervene and Defendants take no position on the Motion to Intervene.  (Doc. 34) at 3; (Doc. 41).  Movants filed a reply on January 25, 2016.  (Doc. 42).  Having reviewed the Motion to Intervene and the accompanying briefing, the Court grants the Motion to Intervene.

A.  *Background*

On March 5, 2014, Defendant United States Fish and Wildlife Service (FWS) published in the Federal Register its final rule designating critical habitat for the jaguar in New Mexico and Arizona.  (Doc. 1) at ¶ 43.  This critical habitat is known as the Northwestern Recovery Unit and consists of two units located in New Mexico and four units located in Arizona.  *Id.* at ¶¶ 41 and 43.

In May 2015, Plaintiffs filed this lawsuit challenging the critical habitat designation as to the two units located in New Mexico.  Plaintiffs specifically claim that Defendants violated the Endangered Species Act (ESA) by failing to make threshold determinations for designating the critical habitat, including whether the New Mexico units are essential to the conservation of the jaguar and whether those units are within the geographical area occupied by the jaguar at the time it was listed as an endangered species.  *Id.* at ¶ 1.  In a letter dated September 29, 2015, Movants provided notice to Defendants of their intent to sue for violations of the ESA arising from the March 5, 2014, designation of critical habitat for the jaguar in Arizona.  (Doc. 34-2).

On December 8, 2015, the Magistrate Judge in this case entered an Order Adopting Joint Status Report and Provisional Discovery Plan which adopted a briefing schedule to resolve the merits of the case.  (Doc. 32).  Movants filed their Motion to Intervene on December 30, 2015.  Movants' proposed Complaint in Intervention contains the same claims raised by Plaintiffs in this litigation, but only as to the Arizona units.  (Doc. 34-1).

On April 22, 2016, Defendants lodged an amended administrative record.  (Doc. 43).
Then, on May 5, 2016, the Magistrate Judge entered an order granting Plaintiffs, Defendants, and
Defendant-Intervenors' joint stipulation to vacate the briefing schedule pending a ruling on the
Motion to Intervene.  (Doc. 44).

B.  *Discussion*

       1.  *Timeliness of the Motion to Intervene*

Defendant-Intervenors argue that the Motion to Intervene is untimely, because FWS
published the final rule for designating the critical habitat in May 2014 and Movants did not file
the Motion to Intervene until December 2015.  Courts assess the timeliness of a motion to
intervene "in light of all the circumstances, including the length of time since the applicant knew
of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the
existence of any unusual circumstances."  *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246,
1250 (10th Cir. 2001) (quoting *Sanguine, Ltd. v. United States Dep't of Interior,* 736 F.2d 1416,
1418 (10th Cir. 1984) (citations omitted)).  The timeliness "analysis is contextual; absolute
measures of timeliness should be ignored."  *Id.* (quoting *Sierra Club v. Espy,* 18 F.3d 1202, 1205
(5th Cir. 1994)).  The timeliness determination also does not allow courts to consider added work
or added issues which measure prejudice caused by the intervention instead of prejudice caused
by the delay in seeking intervention.  *Id.* at 1251.

Here, although approximately 19 months elapsed between the time the FWS published its
critical habitat designation and Movants filed the Motion to Intervene, only approximately three
months elapsed from the time Movants provided Defendants with an intent to sue letter in
September 2015 and the filing of the Motion to Intervene in December 2015.  Moreover,
Movants filed their Motion to Intervene just 22 days after the Magistrate Judge entered the Order

Adopting Joint Status Report and Provisional Discovery Plan.  The Court further notes that (1) in May 2016, the Magistrate Judge vacated the briefing schedule pending a ruling on the Motion to Intervene; and (2) in April 2016, Defendants lodged an amended administrative record.  In light of the above circumstances and the current stance of the lawsuit, the Court determines that the parties will not be prejudiced if the Court allows Movants to intervene at this point in the litigation.  Hence, the Motion to Intervene is timely.

> 2.  *Rule 24(a)(2):  Intervention as of Right*

Rule 24(a)(2) states that upon a timely motion the Court must allow anyone to intervene if that person or entity

> claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The prospective intervenor has the burden of establishing the right to intervene.  *See, e.g., S2 Automation LLC v. Micron Technology, Inc.*, 2012 WL 3656462, at *11 (D.N.M.).  In determining if the prospective intervenor has carried that burden, the Court keeps in mind that the Tenth Circuit "follows a somewhat liberal line in allowing intervention."  *WildEarth Guardians v. United States Forest Service*, 573 F.3d 992, 995 (10th Cir. 2009) (quoting *Utah Ass'n of Counties*, 255 F.3d at 1249 (internal quotation marks omitted)).  Because the chief concern in a motion to intervene is the practical effect of the action on the prospective intervenor, the Court is required to examine the specific facts and circumstances of the action. *Id.*

Defendant-Intervenors argue that Movants are not entitled to intervention as of right for two reasons.  First, Defendant-Intervenors contend that Movants' interests do not relate to the subject of this lawsuit, the critical habitat designation of the New Mexico units, because Movants

challenge only the critical habitat designation of the Arizona units.  Second, Defendant-Intervenors assert that this lawsuit will not as a practical matter impair or impede Movants' ability to protect their interests, since Movants can file their own lawsuit with respect to the Arizona units.

The Rule 24(a)(2) requirement of an interest related to the subject of the action calls for considering whether an interest is "direct, substantial, and legally protectable."  *Utah Ass'n of Counties*, 255 F.3d at 1251 (internal quotation marks omitted) (quoting *In re Kaiser Steel Corp.*, 998 F.2d 783, 791 (10th Cir. 1993)).  The test for determining that requisite interest, however, "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."  *Id*. at 1251-52 (quoting *In re Kaiser Steel Corp.*, 998 F.2d at 841 (citations omitted)).  In fact, "[t]he threshold for finding the requisite legally protectable interest is not high."  *American Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 246 (D.N.M. 2008).  Nevertheless, a prospective intervenor must have a particularized interest which falls within the issues raised in the action, such as a threat of economic harm.  *Id*.; *WildEarth Guardians*, 573 F.3d at 996.

It is undisputed that, with respect to the Arizona units, Movants clearly have "economic interests, safety and security interests, and an interest in maintaining control of their private property and water rights."  (Doc. 42) at 3.  Movants, however, observe that there is only one critical habitat designation, the Northwest Recovery Unit, which includes both New Mexico and Arizona units.  Movants, therefore, assert that "[b]ecause there is only one critical habitat designation at issue, efficiency and due process mandate that this matter be resolved by one court, not two."  *Id.* at 3-4.

Movants' argument, however, skirts the issue of whether they have a "direct, substantial, and legally protectable interest" in subject of this lawsuit, the New Mexico units.  For instance, Movants have not shown, nor do they claim, an economic interest or safety and security interests in the New Mexico units or that they have an interest in maintaining control of any private property and water rights associated with the New Mexico units.  Although Movants refer to the Northwest Recovery Unit as in effect one unit, the Northwest Recovery Unit is comprised of separate units, some in New Mexico and some in Arizona.  Such a subdivision of the Northwest Recovery Unit suggests that the individuals units can be examined independently of each other in determining the whole critical habitat designation.  Hence, Movants' argument that they have an interest in the New Mexico units based on the whole Northwest Recovery Unit is unconvincing. In other words, Movants have not persuaded the Court that their interest in the Arizona units necessarily translates into a "direct, substantial, and legally protectable interest" in the New Mexico units.  Movants are, therefore, not entitled to intervene as of right under Rule 24(a)(2).

  *3.  Permissive Intervention:  Rule 24(b)(1)(B)*

Rule 24(b)(1)(B) provides that on a timely motion a court may permit intervention if a potential intervenor "has a claim or defense that shares with the main action a common question of law or fact."  Rule 24(b)(3) also states that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Unlike Rule 24(a)(2), Rule 24(b)(1)(B) does not require that a prospective intervenor "have a direct personal or pecuniary interest in the subject of the litigation."  *San Juan County, Utah v. United States*, 503 F.3d 1163, 1207 (10th Cir. 2007).  The main consideration in determining whether a court will allow permissive intervention is trial convenience.  *S2 Automation LLC*, 2012 WL 3656462 at *12.

Although Movants do not have a direct interest in the New Mexico units, Movant's claims share a common question of law with this lawsuit, namely the adequacy of the critical habitat designation for the jaguar.  In fact, Movants raise the exact some legal claims in their proposed Complaint in Intervention as Plaintiffs have in their Complaint, albeit in connection with the Arizona units.  Additionally, allowing Movants to intervene will not unduly delay the adjudication of Defendant-Intervenors' rights, because (1) only approximately a year has elapsed since the filing of this lawsuit; (2) the current parties have agreed to vacate the briefing schedule pending resolution of the Motion to Intervene; and (3) Defendants just lodged an amended administrative record in April 2016.  Allowing intervention will also not prejudice Defendant-Intervenors.  Even though Defendant-Intervenors would need to address the Arizona unit claims in this lawsuit, should the Court deny the Motion to Intervene and Movants file a stand-alone lawsuit on the Arizona units in Arizona, it is very likely Defendant-Intervenors would move to intervene in that lawsuit and would still address the Arizona unit claims.  As the Tenth Circuit has stated, the purpose of Rule 24 is to prevent multiple lawsuits where common questions of law or fact are involved.  *Coal. of Arizona/New Mexico Cyts. for Stable Econ. Growth v. Dept't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996).  Permitting intervention in this case would accomplish that purpose.

IT IS, THEREFORE, ORDERED that

1.  the Motion to Intervene (Doc. 34) is granted;

2.  the Arizona and New Mexico Coalition of Counties for Stable Economic Growth, the Pima Natural Resource Conservation District, and the Southern Arizona Cattlemen's Protective Association are permitted to intervene in this action as Plaintiff-Intervenors; and

3. Plaintiff-Intervenors must file their Complaint in Intervention no later than seven days from the date of the filing of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE